# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

      Plaintiff,

      v.                                   Criminal No. 12-59 MCA

**RONNIE JEROME THOMAS**,

      Defendant.

## ORDER

**THIS MATTER** is before the Court on Defendant's *Motion to Compel Production of Information Pursuant to the Brady Doctrine and Rule 16 with Supporting Authorities*. [Doc. 115]  On October 21, 2014, the Court conducted a hearing on Defendant's motion.  Having considered the parties' submissions, the relevant case law, and otherwise being fully advised in the premises, the Court will deny Defendant's motion.

## I.    BACKGROUND

On September 25, 2011, the Albuquerque Police Department (APD) executed a search warrant for an apartment located at 444 Florida SE, Albuquerque, New Mexico. [Docs. 94-2 and 94-3]  APD officers searched apartment number 21.  During the course of the search, APD officers found, in relevant part, a Smith and Wesson Tactical, model

1

4053TSW, .40 caliber semi-automatic pistol and approximately ten rounds of Winchester brand .40 caliber cartridges.  [Docs. 2 and 94-2]  Defendant Ronnie Jerome Thomas, a convicted felon, was the sole occupant of the apartment.  [Doc. 94-3]  Defendant was subsequently indicted by a federal grand jury with the knowing possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  [Doc. 2]

On April 30, 2014, Defendant, representing himself *pro se* with the assistance of standby counsel, filed the present motion to compel the production of documents pursuant to Fed. R. Crim. Proc. 16 and Brady v. Maryland, 373 U.S. 83 (1963). Defendant seeks the production of information regarding the credibility of the confidential informant (CI) who supplied information to the search warrant affiant and the credibility of the law enforcement officers who investigated Defendant.[1]  [Doc. 115 at 5-6; see also Doc. 94-3]  Defendant contends that this information is necessary in order to

---

[1] Specifically, Defendant requests the production of the following documents:

    1.  Evidence pertaining to the reliability of the CI used in the investigation which resulted in the search of Mr. Thomas' apartment including:

    a.  Any additional reports filed by Officer David Fox concerning evidence provided by the CI that was used to obtain the search warrant in Mr. Thomas' case,

    b.  All reports and affidavits for search warrants resulting from the investigation of the "several locations where narcotics were being sold on a continuous and ongoing basis" of which the CI advised Officer Fox.  (See Affidavit for Search Warrant, p. 3),

    c.  If no such reports or warrant affidavits exist, Mr. Thomas requests information concerning the reasons why,

    d.  The CI's criminal record,

    e.  The CI's history of providing information to law enforcement,

    f.  The amount of money provided to the CI for this particular buy and any serial numbers if recorded, and

    g.  Information concerning how much the CI was paid for his/her assistance.

    2.  Any information concerning the credibility of the law enforcement officers who investigated Mr. Thomas including:

    a.  Records of internal investigations of these officers,

    b.  Records of disciplinary action taken against these officers, and

    c.  Records pertaining to lawsuits filed against these officers.  [Doc. 115 at 5-6]

prepare for trial and the hearing on his two pending motions to suppress:  *Defendant's Motion to Suppress Statements* [Doc. 93] and *Defendant's Motion to Suppress Evidence with Supporting Authorities* [Doc. 94].  The Government responds that Defendant's motion should by denied because the requested information is not in the custody or control of the federal Government, material to Defendant's defense, or proper impeachment evidence.  [Doc. 119]

## II.    DISCUSSION

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  Brady, 373 U.S. at 87.  In Giglio v. United States, 405 U.S. 150 (1972) the Supreme Court extended the prosecution's disclosure obligation to evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory. See id. at 153.  However, Brady v. Maryland only requires the disclosure of information in the government's possession or knowledge, whether actual or constructive.  See United States v. Beers, 189 F.3d 1297, 1304 (10th Cir. 1999); see also Fed. R. Crim. P. 16(a)(1)(E) (only requiring the disclosure of documents and objects "within the government's possession, custody, or control").

In Beers, the Tenth Circuit Court of Appeals considered whether the federal government had violated Brady v. Maryland by failing to disclose evidence that would have impeached one of the government's witnesses.  189 F.3d at 1303.  The alleged impeachment evidence was in the possession of the local police department and there was

3

"no indication that the investigation was a joint effort between state and federal government or that the federal prosecutor possessed the complete investigation materials." Id.  The "federal prosecutors did not have the materials in their possession" and there was no "evidence that the federal government knew of their existence." Id. at 1304.  Although "[i]nformation possessed by other branches of the federal government, including investigating officers, is typically imputed to the prosecutors of the case," our Circuit "decline[d] to extend this principle for federal prosecutors to exculpatory materials in the possession of the state government." Id.  The Court noted that "[i]t is unrealistic to expect federal prosecutors to know all information possessed by state officials affecting a federal case, especially when the information results from an unrelated state investigation." Id.  Therefore, the Court held that "the state's knowledge and possession of potential impeachment evidence cannot be imputed to a federal prosecutor for purposes of establishing a Brady violation." Id.  However, the Court declined to "decide whether [it] would impute knowledge possessed by state law enforcement officials" to the federal government "when the federal government participated in a joint investigation" with state officials. Id. at 1304 n.2.

The information requested by Defendant is not in the possession of the federal government.[2]  Rather, the documents requested, if they exist at all, are in the possession of the APD, who conducted the underlying state investigation.  At the hearing on Defendant's motion, the Court heard testimony from Kevin Wolfe, Special Agent with

_____

[2] At the hearing, the federal prosecutor informed the Court that it had acquired some information regarding the CI's criminal history from APD.  However, APD did not disclose this information voluntarily and only did so with the understanding that the federal government would oppose disclosure of the information.

the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), to determine whether the federal government conducted a joint investigation with the state.  Agent Wolfe informed the Court that the present case originated as a state narcotics investigation conducted by APD.  During the execution of the search warrant, APD officers found a firearm and ammunition in the possession of Defendant, a convicted felon.  Only after the discovery of the firearm and ammunition was the matter referred to ATF for federal prosecution. Neither ATF nor any other federal agency was involved in the investigation of Defendant prior to the discovery of the firearm and ammunition in Defendant's apartment.  Based on the testimony of Agent Wolfe, the Court finds that the state and the federal government did not engage in a joint investigation.  Accordingly, "the state's knowledge and possession of potential impeachment evidence cannot be imputed to a federal prosecutor for purposes of establishing a Brady violation."  Id. at 1304.

Regardless, the Court concludes that the credibility of the CI is immaterial to the present case.  See id. at 1303 (noting that the defendant bears the burden to prove that the evidence requested is material).  The Government does not intend to call the CI as a witness and does not intend to introduce any of the CI's statements into evidence at Defendant's trial.  [See Doc. 4]  With respect to the pending motions to suppress, the Court notes that Franks v. Delaware, 438 U.S. 154 (1978) "allows a defendant to challenge the veracity of statements made by a search warrant *affiant*, not the veracity of statements made by a confidential informant to the affiant."  United States v. Green, 178 F.3d 1099, 1108 (10th Cir. 1999) (emphasis in original).  "Indeed, the Supreme Court has stated that 'the magistrate is concerned, not with whether the informant lied, but with

5

whether the affiant is truthful in his recitation of what he was told." Id. (quoting McCray

v. Illinois, 386 U.S. 300, 307 (1967).  Thus, to the extent that Defendant has requested a

Franks hearing on *Defendant's Motion to Suppress Evidence with Supporting Authorities*

[Doc. 94], the credibility of the CI "has no bearing" on the outcome of that proceeding.

Id.

## III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Compel Production*

*of Information Pursuant to the Brady Doctrine and Rule 16 with Supporting Authorities*

[Doc. 115] is **DENIED**.

**SO ORDERED** this 23rd day of October, 2014, in Albuquerque, New Mexico.


_____
**M. CHRISTINA ARMIJO**
Chief United States District Judge

6