UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                                    No. 12-CR-59-MCA

RONNIE JEROME THOMAS,

                Defendant.

## ORDER

THIS MATTER is before the Court on Defendant's *Motion to Dismiss Indictment With Supporting Authorities* [Doc. 114] and *Final Motion to Dismiss Indictment with Supporting Authorities* [Doc. 129]. In these motions, Defendant challenges the jurisdiction of this federal Court to prosecute him under 18 U.S.C. §§ 922(g)(1) and 924(e). [Doc. 114 at 7] Since filing the motions, Defendant has waived his right to prosecution by indictment. *Waiver of Indictment.* [Doc. 160] Defendant was charged by information with knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(i). *Information.* [Doc. 189]

On July 28, 2015, Defendant entered into a conditional plea agreement with the United States. *Plea Agreement.* [Doc. 191] The agreement states that Defendant "reserves the right to withdraw his guilty plea, should the Court rule in his favor on any dispositive motion which remains pending before the Court after entry of this plea." [Doc. 191 ¶ 14] At the plea hearing defense counsel clarified for the Court that the

jurisdictional motions were those that remained.  Although Defendant has pled guilty to the Information, the Indictment charging Defendant with being a felon in possession of a firearm has not yet been dismissed.  Because it is still pending, the Court enters this Order regarding the charges in the Indictment.[1]  Having considered the parties' pleadings, relevant authority, and being otherwise fully advised, the Court DENIES Defendant's motions.

**I.**     ***Motions to Dismiss Federal Indictment* [Docs. 114 and 129] are denied**.

Defendant moves to dismiss the Indictment, alleging that "18 U.S.C. §§ 922(g)(1) and 924(e) are unconstitutional on their face and as applied to the facts of my case" because Congress exceeded its authority under the Commerce Clause of the United States Constitution.  [Doc. 114 at 7]  Defendant claims that Section 922(g)(1), which prohibits a convicted felon from "possess[ing] in or affecting commerce, any firearm or ammunition," does not specifically "refer to 'interstate or foreign commerce" and, therefore, violates the Commerce Clause pursuant to *United States v. Lopez*, 514 U.S. 549 (1995).  Alternatively, Defendant claims that the statute is unconstitutional as applied to him because "the Government has not and cannot show that the alleged act of possession had any effect on interstate commerce" in his case, since there is no allegation that Defendant "ever purchased the gun from another State or ever carried it across state lines."  [Doc. 129 at 6]  The Government responds that Defendant's claims must be

---

[1] The Court notes that as part of the Plea Agreement, the United States will move to dismiss the Indictment following sentencing.  [Doc. 191 ¶16a]

rejected, for the reasons explained by the Tenth Circuit Court of Appeals in *United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995). [Docs. 118 and 131]

The Commerce Clause gives Congress the power "[t]o regulate Commerce with foreign Nations, among the several States, and with Indian Tribes." U.S. Const. art. I., § 8, cl. 3. In *Lopez,* the United States Supreme Court considered whether the Gun-Free School Zone Act, which prohibited the possession of a firearm in a school zone, violated the Commerce Clause. The Court observed that it had "identified three broad categories of activity that Congress may regulate under its commerce power." *Lopez*, 514 U.S. at 558. "First, Congress may regulate the use of the channels of interstate commerce." *Id*. "Second, Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities." *Id.* "Finally, Congress' commerce authority includes the power to regulate those activities having a substantial relation to interstate commerce . . . i.e., those activities that substantially affect interstate commerce . . . ." *Id.* (citations omitted). Applying these principles, the Court concluded that "[t]he possession of a gun in a local school zone is in no sense an economic activity that might, through repetition elsewhere, substantially affect any sort of interstate commerce." *Id.* at 567. Therefore, the Court held that the Gun-Free School Zone Act violated the Commerce Clause.

In *Bolton*, the Tenth Circuit Court of Appeals considered the constitutionality of Section 922(g), in light of the Supreme Court's opinion in *Lopez*. The Court held that, unlike the Gun-Free School Zone Act, Section 922(g) "contains a

jurisdictional element" because it "prohibits a convicted felon from 'possess[ing] in or affecting commerce, any firearm or ammunition.'" *Bolton*, 68 F.3d at 400 (quoting 18 U.S.C. § 922(g)).  The Court held that "Section 922(g)'s requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause."  *Id.*  The Court, therefore, rejected "Defendant's argument that § 922(g) violates the Commerce Clause."  *Id.*

In *United States v. Farnsworth*, 92 F.3d 1001 (10th Cir. 1996), the Court confirmed that a challenge to Section 922(g) in light of *Lopez* "has been foreclosed by this Circuit's decision in" *Bolton*.  *Farnsworth*, 92 F.3d at 1006.  The Court rejected the defendant's claim that "the government was required to show that his actions had a substantial effect on interstate commerce," noting that in *Bolton* the Court had held that:

> Lopez . . . did not require the government to show that *individual* instances of the regulated activity substantially affect commerce to pass constitutional muster under the Commerce Clause.  Rather, the Court recognized that if a statute regulates an activity which, through repetition in aggregate has a substantial effect on interstate commerce, "the *de minimis* character of individual instances arising under the statute is of no consequence."

*Id.* (quoting *Bolton*, 68 F.3d at 399).  Thus, "under *Lopez*, all the government need show is a *de minimis* effect on interstate commerce in order to support a conviction."  *Id.*  In light of expert testimony establishing that "Farnsworth's gun had been manufactured in a different state from that in which it was found," *id.*, the Court upheld the defendant's conviction.

Thereafter, in *United States v. Dorris*, 236 F.3d 582 (10th Cir. 2000), the Court addressed the defendant's claim that Section 922(g)(1) violated the Commerce Clause in

4

light of *Lopez* and two subsequent Supreme Court cases: *United States v. Morrison*, 529 U.S. 598 (2000) and *Jones v. United States*, 529 U.S. 848 (2000). The Court noted that "[i]n 1977, the Supreme Court passed on the very question Mr. Dorris presents us, holding proof the possessed firearm previously traveled in interstate commerce was sufficient to satisfy the nexus between the possession of firearm by a felon and commerce." *Dorris*, 236 F.3d at 584 (citing *Scarborough v. United States*, 431 U.S. 563, 577 (1977)). The Court held as follows:

> Despite the presence of some language favorable to Mr. Dorris' cause in *Morrison* and *Jones*, neither *Morrison* nor *Jones* or both, taken in combination with *Lopez*, compel this Court to overturn its decisions in *Bolton* or *Farnsworth*. Missing from Mr. Dorris' analysis is the recognition while *Lopez* and *Morris* were questions concerning the power of Congress to regulate activities substantially affecting interstate commerce, § 922(g)(1) regulates the possession of goods moved in interstate commerce. The jurisdictional element in § 922(g)(1) by its language only regulates those weapons affecting interstate commerce by being the subject of interstate trade. It addresses items sent in interstate commerce, and the channels of commerce themselves—ordering they be kept clear of firearms.

*Id.* at 586. Therefore, the Court held that "*Morrison* and *Jones* give no reason beyond what was already present in *Lopez* to find § 922(g)(1) beyond Congress' Commerce Power." *Id.* The Court noted that it had "twice considered § 922(g)(1)'s post-*Lopez* constitutionality in *Bolton* and *Farnsworth* and decided in favor of the government. This is in accord with every circuit to examine the question post-*Lopez*, and we shall not overturn precedent here." *Id.*

Despite clear Tenth Circuit precedent to the contrary, Defendant contends that Section 922(g)(1) violates the Commerce Clause. In support of this contention, Defendant relies on an opinion by Justices Thomas and Scalia dissenting from the denial

5

of certiorari in *Alderman v. United States*, 131 S.Ct. 700 (2011).  In their dissenting opinion, Justices Thomas and Scalia question whether the Court's holding in *Scarborough* can be reconciled with *Lopez*.  *Id.* at 702 (citing *United States v. Patton*, 451 F.3d 615, 636 (10th Cir. 2006) (noting that "[a]lthough the body armor statute does not fit within any of the *Lopez* categories, it is supported by the pre-*Lopez* precedent of *Scarborough*.")).  Defendant's reliance on *Alderman* is misplaced.  First, *Alderman* did not address the constitutionality of Section 922(g)(1) under the Commerce Clause, but rather 18 U.S.C. § 931(a), which makes it "unlawful for a person to purchase, own, or possess body armor, if that person has been convicted of a felony that is . . . a crime of violence."  Second, nothing in *Alderman* overturned the Tenth Circuit's clear holdings in *Bolton, Farnsworth*, or *Dorris*.  Because this Court is bound to apply binding Tenth Circuit precedent, Defendant's contention that Section 922(g) violates the Commerce Clause is rejected.

Alternatively, Defendant contends that Section 922(g) violates the Commerce Clause because the plain language of the statute does not require the firearm or ammunition to travel in interstate or foreign commerce.  Defendant points out that the portion of the statute under which he was charged simply prohibits a convicted felon from "possess[ing] in or affecting commerce, any firearm or ammunition," whereas other portions of the statute refer specifically to "*interstate* or *foreign* commerce."  § 922(g) (emphasis added).  Applying the principle "*inclusion unius est exclusion alterius*," Defendant contends that "possession is unlawful under any kind of commerce, include

6

purely intrastate commerce which does not substantially affect interstate commerce" contrary to *Lopez*. [Doc. 129 at 3]

"Statutes are presumed constitutional." *Dorris*, 236 F.3d at 584. Indeed, "as between multiple reasonable interpretations of a statute, we will always prefer one that sustains constitutionality to one that does not under the presumption of constitutional validity." *United States v. Brune*, 767 F.3d 1009, 1023 (10th Cir. 2014). "In fact, every reasonable construction must be resorted to, in order to save a statute from unconstitutionality." *Id*. (internal quotation marks and citation omitted). Our Circuit has construed the possession prong of Section 922(g) to require a showing that the firearm or ammunition at issue has had a *de minimis* effect on interstate or foreign commerce, consistent with *Lopez*. *See Farnsworth*, 92 F.3d at 1006. Defendant's challenge to Section 922(g) under the Commerce Clause lacks merit and is rejected.

For the foregoing reasons, Defendant's motions to dismiss the Indictment [Docs. 114 and 129] are denied.

**IT IS SO ORDERED** this 29th day of December, 2015.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge